IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,　　　　　　　　　　　　　　　CV. 10-703-MA

　　　　　　Plaintiff,　　　　　　　　　　　　　　　OPINION AND ORDER

　　v.

$60,100.00 in UNITED STATES
CURRENCY, and 2007 CHRYSLER
300, VIN #2C3KA43RX7H795513,
ITS TOOLS AND APPURTENANCES,
*in rem*,

　　　　　　Defendants.


DWIGHT C. HOLTON
United States Attorney
District of Oregon
LESLIE J. WESTPHAL
Assistant U.S. Attorney
United States Attorney's Office
District of Oregon
1000 S.W. Third Ave., Suite 600
Portland, Oregon 97204-2902

　　　Attorneys for Plaintiff

MARK SMOLAK
4325 S.W. Melville Avenue
Portland, Oregon 97239

　　　Attorney for Claimants Rosenberg and Young


1 - OPINION AND ORDER

MARSH, Judge

Plaintiff, United States of America, brings this civil forfeiture proceeding pursuant to 21 U.S.C. § 881(a)(4) & (6). Currently before the court is Claimants Andrew Young and Claire Rosenberg's amended motion to quash search warrant and suppress evidence (#15). For the reasons set forth below, the motion is denied.

## **BACKGROUND**

The following undisputed facts are taken from Medford Police Officer Richard Renfro's Incident Report, the affidavit of Medford Police Detective Corey Schwab, and the affidavit of FBI Special Agent Adam C. Marre. On the evening of January 13, 2010, Officer Richard Renfro responded to a call by a Quality Inn employee that two suspicious individuals were in a car parked in the rear parking lot of the Quality Inn in Medford, Oregon. The employee stated that the individuals had inquired about room rates, but left the hotel lobby without renting a room. The employee watched the individuals return to their car. Andrew Young, the driver of the car, was throwing trash onto the ground; and Claire Rosenberg, the female passenger, was vomiting. Afterwards, they moved the car to a different parking space.

When Officer Renfro arrived on the scene, both individuals were in the vehicle. According to Renfro, the vehicle had

2 - OPINION AND ORDER

illegally tinted windows and a Nevada trip permit where the rear license plate belonged. Officer Renfro knocked on the window of the vehicle, and Young rolled down the window.[1] Officer Renfro immediately smelled the odor of marijuana. Officer Renfro asked Young what they were doing in the parking lot, and Young replied they were renting a room. Officer Renfro asked Young what they were smoking, and Young responded marijuana. Young handed Officer Renfro a glass jar containing two knotted bags of marijuana. Officer Renfro estimated the two bags to be approximately one ounce of marijuana. It was later determined that the marijuana weighed 26.23 grams.

Officer Renfro asked Young to step out of the car, and advised him of his Miranda rights. Renfro searched Young for weapons and placed him in handcuffs. Young advised Officer Renfro that he was unemployed, and that Rosenberg worked as an escort and prostitute. Officer Renfro subsequently advised Rosenberg of her Miranda rights, although she was advised she was not under arrest. Rosenberg and Young told Renfro that they were returning to Las Vegas, after visiting friends and family in Seattle. They had

---

[1] In claimants' motion to suppress, they allege that Officer Renfro knocked on the window with the butt of his gun. In the incident report, Officer Renfro states that because he could not see inside the vehicle, he was concerned for his safety. For the purposes of claimants' motion, I assume the truth of claimants' allegation.

stopped in Medford to rest.  Initially, both Rosenberg and Young denied consent to search the vehicle.

Renfro contacted Medford Police Detective Corey Schwab and briefed him on the circumstances.  Schwab advised Renfro that he wanted to respond to the scene, but would be delayed briefly. Schwab requested that Renfro continue interviewing Young and Rosenberg until he arrived at the scene. Upon further questioning, Young stated that there was $60,000 in the trunk of the car, which were proceeds from his gambling and Rosenberg's prostitution. Young stated that he always kept his money with him because he is a poker player and doesn't trust banks.  Young then stated that Renfro could search the car.

Officer Renfro contacted Detective Schwab and told him that Young had confessed to having $60,000 in the car, and had given consent to search.  Detective Schwab advised Renfro that he wanted to obtain a search warrant for the vehicle, and requested that Renfro seize the car and have it towed to the Medford Police Property Control Center.  Accordingly, Renfro called a tow truck, and continued interviewing Young and Rosenberg.

Rosenberg told Renfro that she was an exotic dancer and that Young did "nothing".  She admitted she had a prior arrest for solicitation.  She told Officer Renfro that she had clothing and shoes in the car, and that an additional three bags containing her belongings had been sent by UPS from Seattle to Las Vegas.  Young

4 - OPINION AND ORDER

explained to Renfro that the three suitcases had been shipped because there was no room in the trunk of the car, and if they had been placed in the backseat he "wouldn't be able to lean back." Officer Renfro impounded the vehicle, and released Young and Rosenberg.

At the Property Control Center, Officer Rob Havice deployed his drug detection K-9 "Robb" on the vehicle. The dog alerted on the driver's side doors and the trunk. Detective Schwab subsequently obtained a state search warrant and executed the warrant with the help of Officers Havice and Renfro. Officer Havice located a Ziploc bag in the trunk of the car containing 12 stacks of $100 bills of U.S. Currency, secured with rubber bands, totaling $60,100. K-9 Robb subsequently alerted to the presence of drugs on the currency. Officer Renfro found a digital camera and several cell phones in the vehicle which contained pictures of marijuana next to stacks of U.S. Currency. Officer Havice located approximately 20 air fresheners in various locations throughout the car.

## DISCUSSION

Claimants move to quash the warrant authorizing the search of their vehicle on the basis that (1) Officer Renfro did not have a legal basis for stopping their vehicle; (2) seizure of the vehicle was unlawful; and (3) the state search warrant was issued without probable cause.

5 - OPINION AND ORDER

Because forfeiture proceedings are quasi-criminal in nature, the exclusionary rule bars the admission of evidence obtained in violation of the Fourth Amendment. United States v. One 1977 Mercedes Benz, 450 SEL, VIN 11603302064538, 708 F.2d 444, 448 (9th Cir. 1983), cert. denied, 464 U.S. 1071 (1984); United States v. $277,000.00 U.S. Currency, 941 F.2d 898, 902 (9th Cir. 1991); see also Rule G(8)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The determination of whether claimants' Fourth Amendment rights were violated is determined on the basis of federal law, despite the part played by state officers in the seizure. One 1977 Mercedes Benz, 450 SEL, VIN 11603302064538, 708 F.2d at 448; United States v. Noster, 590 F.3d 624, 632-33 (9th Cir. 2009), cert. denied, 130 S.Ct. 2362 (2010).

The protections of the Fourth Amendment extend to brief investigatory stops of persons or vehicles. Ramirez v. City of Buena Park, 560 F.3d 1012, 1020 (9th Cir. 2009); United States v. Johnson, 581 F.3d 994, 999 (9th Cir. 2009). "Police may detain or seize an individual for brief, investigatory purposes, provided the officers making the stop have reasonable suspicion that criminal activity may be afoot," given the totality of the circumstances. Johnson, 581 F.3d at 999 (internal quotations omitted); Ramirez, 560 F.3d at 1020; Ornelas v. United States, 517 U.S. 690, 693 (1996). Similarly, the warrantless seizure of a vehicle must be

6 - OPINION AND ORDER

justified by probable cause that the vehicle contains contraband or evidence of a crime.  Ornelas, 517 U.S. at 693; California v. Carney, 471 U.S. 386, 394-95 (1985);  United States v. Bagley, 772 F.2d 482, 491 (9th Cir. 1985), cert. denied, 475 U.S. 1023 (1986).

Initially, I agree with plaintiff's assertion that the Fourth Amendment was not implicated when Officer Renfro approached the claimants' parked car and knocked on the window.  See U.S. v. Washington, 490 F.3d 765, 770 (9th Cir. 2007) (Fourth Amendment is not implicated when officer merely approaches an individual in a public place, and asks if he is willing to answer questions, whether the person is on foot or in a parked car); United States v. Head, 783 F.2d 1422, 1425 (9th Cir.), cert. denied, 476 U.S. 1171 (1986)(concluding that conversation in parking lot was consensual). In any event, based upon the information provided by the hotel clerk, and Officer Renfro's observation of the vehicle's tinted windows and Nevada trip permit where the rear license plate belonged, this initial encounter was supported by reasonable suspicion that claimants were involved in criminal activity.

Further, as soon as Young rolled down the window and Officer Renfro smelled the odor of marijuana, he had reasonable suspicion to detain Young and Rosenberg and briefly question them about the contents of the vehicle.  Young's false statement that they were renting a room, his production of a jar containing marijuana, his statement that there was $60,000 in the trunk of the car, and the

7 - OPINION AND ORDER

lack of a reasonable basis for possessing such a large amount of currency, combined to provide probable cause to impound the vehicle.  For the same reasons, I conclude that the issuance of the state search warrant was supported by probable cause to believe that the vehicle contained evidence of the possession, manufacture, or delivery of a controlled substance, and money laundering.

## CONCLUSION

Based on the foregoing, claimants' amended motion to quash and suppress evidence (#15) is DENIED.

IT IS SO ORDERED.

DATED this __3_ day of January, 2011.

\_\_/s/  Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge